IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ALEXANDER BACON,<br><br>       Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Civil No. 2:16-CV-724-DN<br>(Crim. No. 2:14-CV-563-DN)<br><br>District Judge David Nuffer |

  Petitioner Michael Alexander Bacon has made a second request for the appointment of counsel in this 28 U.S.C. § 2255 case.[1] Mr. Bacon previously requested the appointment of counsel when initiating the case.[2] The request was denied because there is no constitutional or statutory right to the appointment of counsel in § 2255 proceedings, unless an evidentiary hearing is held.[3] And Mr. Bacon's filings failed to demonstrate that justice required the appointment of counsel.[4]

  Mr. Bacon now argues that the appointment of counsel is necessary because he is not afforded the same resources, opportunities, or assistance as other Federal inmates due to his confinement at the Utah State Prison.[5] Specifically, Mr. Bacon relies on the Tenth Circuit Court

---

[1] Motion for Appointment of Counsel, docket no. 11, filed Oct. 19, 2016.

[2] Motion for Appointment of Counsel, docket no. 2, filed June 27, 2016.

[3] Order Denying Motion for Appointment of Counsel, docket no. 8, filed Sept. 12, 2016 (citing *Paul v. United States*, 2006 WL 314563, *1 (D. Utah Feb. 9, 2006); Rules Governing Section 2255 Proceedings for the United States District Courts 8(c)).

[4] *Id*. (citing *United States v. Lewis*, 1998 WL 1054227, *3 (D. Kan. Dec. 9, 1998); *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992)).

[5] Motion for Appointment of Counsel, docket no. 11, filed Oct. 19, 2016.

of Appeals' opinion in *Carper v. DeLand*[6] to assert that he was denied the legal assistance and legal materials needed to perfect a § 2255 motion.[7] Mr. Bacon further argues that the prison's $0.25 cost for photocopies is excessive.[8] Therefore, Mr. Bacon maintains that the appointment of counsel is in the interest of justice.[9]

In *Carper*, the Tenth Circuit acknowledged that "[s]tate have affirmative obligations to assure all inmates … access [to the courts] by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[10] However, the Tenth Circuit held that "an inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus."[11] "Once an inmate gains access to the court through a properly prepared and filed initial pleading, the court will then be in a position to determine whether the claim has any merit and whether the issues raised are unusually complex."[12] Thereafter, "[t]he district court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(d)."[13]

Mr. Bacon's argument that he was not provided adequate legal assistance to perfect a § 2255 motion does not form a basis for counsel's appointment at this time. Mr. Bacon has gained access to the court through the filing his § 2255 Motion.[14] Notably, however, in the

---

[6] 54 F.3d 613 (10th Cir. 1995).

[7] *Id*.

[8] *Id*.

[9] Motion for Appointment of Counsel, docket no. 11, filed Oct. 19, 2016.

[10] 54 F.3d at 616 (internal quotations and punctuation omitted).

[11] *Id*. at 617.

[12] *Id*. (internal quotations omitted).

[13] *Id*. (internal quotations omitted).

[14] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or correct Sentence by a Person in Federal Custody (§ 2255 Motion"), docket no. 1, filed June 27, 2016.

attachments to his Motion for Appointment of Counsel, Mr. Bacon asserts that he was provided the "pro se packet" for his § 2255 Motion by the prison's contract attorney.[15] This undercuts his argument to the contrary. Nevertheless, because Mr. Bacon gained access to the court through the filing of his § 2255 Motion, his argument that the Utah State Prison failed to provide him with adequate legal assistance and legal materials is moot for purposes of this case.[16]

Similarly, Mr. Bacon's argument regarding the Utah State Prison's fees for photocopies does not form a basis for counsel's appointment at this time. While it is true that "the state may not erect barriers that impede the right of access [to the courts] of incarcerated persons[,]"[17] the cost photocopies did not impede Mr. Bacon in this case. Mr. Bacon gained access to the court through filing his § 2255 Motion.[18] Therefore, Mr. Bacon's argument regarding the prison's fees for photocopies is moot for purposes of this case.

With respect to the appointment of counsel in the interests of justice, it has already been determined that justice does not require the appointment of counsel for Mr. Bacon at this time.[19] Mr. Bacon, through his § 2255 Motion,[20] has shown an "ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[21] Additionally, the issues Mr. Bacon raises in his § 2255 Motion[22] appear to be "straightforward and not so complex as to require counsel's assistance."[23]

---

[15] Motion for Appointment of Counsel at Attachment #1 Grievance Level II and Response, docket no. 11, filed Oct. 19, 2016

[16] *Carper*, 54 F.3d at 617.

[17] *Id*. (internal quotations omitted).

[18] § 2255 Motion, docket no. 1, filed June 27, 2016.

[19] Order Denying Motion for Appointment of Counsel, docket no. 8, filed Sept. 12, 2016.

[20] § 2255 Motion, docket no. 1, filed June 27, 2016.

[21] *Lewis*, 1998 WL 1054227, *3; *Oliver*, 961 F.2d 1339, 1343.

[22] § 2255 Motion, docket no. 1, filed June 27, 2016.

[23] *Lewis*, 1998 WL 1054227, *3; *Oliver*, 961 F.2d at 1343.

In the absence of sufficient compelling circumstances requiring the appointment of counsel in the interests of justice, there is no constitutional or statutory right to the appointment of counsel in § 2255 proceedings, unless an evidentiary hearing is held.[24] Therefore,

IT IS HEREBY ORDERED that Mr. Bacon's Motion for Appointment of Counsel[25] is DENIED. However, if it later appears that counsel may be needed or of specific help, an attorney will be appointed to appear on Mr. Bacon's behalf.

Signed January 23, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[24] *Paul*, 2006 WL 314563, *1; Rules Governing Section 2255 Proceedings for the United States District Courts 8(c).

[25] Docket no. 11, filed Oct. 19, 2016.