# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ALEXANDER BACON,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING AND DISMISSING IN PART § 2255 MOTION**<br><br>Civil No. 2:16-cv-00724-DN<br>(Crim. No. 2:14-cr-00563-DN-1)<br><br>District Judge David Nuffer |

Petitioner Michael Alexander Bacon seeks to vacate, set aside, and correct his convictions and sentence under 28 U.S.C. § 2255.[1] He asserts three grounds for relief: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; and (3) that the term of his supervised release exceeds the maximum term allowed by statute.[2] The government argues that § 2255 relief is precluded for prosecutorial misconduct and ineffective assistance of counsel because Mr. Bacon waived his collateral review rights.[3] But the government concedes that Mr. Bacon is entitled to a correction of his term of supervised release.[4]

Because it plainly appears that Mr. Bacon is not entitled to relief under § 2255 for prosecutorial misconduct and ineffective assistance of counsel, his § 2255 Motion[5] is DENIED

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), docket no. 1, filed June 27, 2016.

[2] *Id*. at 4-7.

[3] United States' Response to Michael Alexander Bacon's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") at 5-13, docket no. 20, filed Jan. 17, 2017.

[4] *Id*. at 3-4.

[5] Docket no. 1, filed June 27, 2016.

and DISMISSED in part. However, because the term of Mr. Bacon's supervised release exceeds

the maximum term allowed by statute, his § 2255 Motion[6] is GRANTED in part.

## Contents

BACKGROUND ............................................................................................................... 2
DISCUSSION ................................................................................................................... 6
    Mr. Bacon waived his right to seek collateral review on the ground of prosecutorial
        misconduct ...................................................................................................... 7
        Mr. Bacon's allegations of prosecutorial misconduct fall within the scope of his
            collateral review waiver ........................................................................... 8
        Mr. Bacon knowingly and voluntarily waived his collateral review rights ............ 8
        Enforcing Mr. Bacon's collateral review waiver as to his allegations of
            prosecutorial misconduct will not result in a miscarriage of justice........... 9
    Mr. Bacon is plainly not entitled to relief under § 2255 for ineffective assistance of
        counsel ........................................................................................................ 15
    Mr. Bacon is entitled to a correction of his term of supervised release ............................ 19
ORDER .......................................................................................................................... 20

## BACKGROUND

On November 5, 2014, the government filed an Indictment[7] charging Mr. Bacon with

four counts of Bank Robbery and one count of Credit Union Robbery, all violations of 18 U.S.C.

§ 2113(a). A status conference was subsequently held on June 5, 2015, before Magistrate Judge

Paul M. Warner.[8] The purpose of the status conference was to determine the impact, if any, that

certain federal civil cases filed by Mr. Bacon had on his Criminal Case.[9] In particular, Mr. Bacon

---

[6] *Id.*

[7] ECF no. 1 in *United States v. Bacon*, 2:14-cr-00563-DN-1 (D. Utah) ("Criminal Case"), filed Nov. 5, 2014.

[8] Minute Entry for Proceedings Held Before Magistrate Judge Paul M. Warner, ECF no. 15 in Criminal Case, filed June 5, 2015.

[9] Status Conference Transcript at 3:10-22, ECF no. 63 in Criminal Case, filed Mar. 17, 2017.

had initiated a Civil Rights Action on April 15, 2015, which named the prosecutor in his Criminal Case as a defendant.[10]

In his Civil Rights Action, Mr. Bacon alleged the loss or destruction of evidence favorable to his defense in his Criminal Case.[11] This evidence consisted of personal property that was seized by law enforcement at the time of Mr. Bacon's arrest.[12]

At the status conference, Judge Warner stated that the issues raised in Mr. Bacon's Civil Rights Action "could be styled, if it were in the [C]riminal [C]ase, [as] a prosecutorial misconduct motion . . . ."[13] Judge Warner asked Mr. Bacon's counsel whether he had discussed these issues and their potential impact with Mr. Bacon, and whether counsel intended to raise them in the Criminal Case.[14] Mr. Bacon's counsel indicated that he had many discussions with Mr. Bacon regarding these matters, and that he did not intend to raise them in the Criminal Case at that time because the parties were in settlement negotiations.[15] Judge Warner also asked Mr. Bacon whether he understood his counsel's strategy and the potential impact the Civil Rights Action may have on the Criminal Case.[16] Mr. Bacon stated that he understood.[17]

---

[10] *Id.* at 5:1-6; *see also* Civil Rights Complaint, filing no. 3 in *Bacon v. Mount et al.*, 2:15-cv-00163-RJS (D. Utah) ("Civil Rights Action"), filed Apr. 15, 2015. Mr. Bacon had also filed another federal civil case with similar allegations, which did not name the prosecutor as a defendant. *Bacon v. Hamilton et al.*, 2:15-cv-00179-DN-BCW (D. Utah).

[11] Civil Rights Complaint at 3-4.

[12] *Id.* at 5-12.

[13] Status Conference Transcript at 5:10-12.

[14] *Id.* at 5:13-21, 6:1-17, 7:18-8:3, 11:20-25, 15:23-25.

[15] *Id.* at 5:22-24, 6:18-7:4, 12:1-2, 16:1-4.

[16] *Id.* at 12:5-13:7.

[17] *Id.* at 12:5-11, 13:6-7.

Based on counsel and Mr. Bacon's representations, Judge Warner indicated that he "d[id]n't see any reason why the [C]riminal [C]ase shouldn't just go forward."[18] The parties agreed.[19] Judge Warner then stated:

> [Mr. Bacon] can pick his places, so to speak. He can pick a deal, he can pick a trial, he can decide what he wants to do.[20]
>
> I think Mr. Bacon needs to make a hard decision. It is a hard decision, by the way, Mr. Bacon, I understand that, but you need to make a decision.[21]
>
> So I would advise you to listen very carefully to what [your counsel] tells you. I think he's a good lawyer and I think he's experienced. And I think that you have some hard decisions to make, but I don't think delaying the decision making process is going to help.[22]

Following the status conference, the parties entered a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).[23] A combined change of plea and sentencing hearing was then held on June 29, 2015.[24] At the hearing, Mr. Bacon was sworn and posed questions in compliance with Rule 11.[25] This included advising Mr. Bacon of his rights and the consequences of pleading guilty.[26] The questioning specifically addressed Mr. Bacon's waiver of rights and limitations in

---

[18] *Id.* at 17:19-21

[19] *Id.* at 17:21-24.

[20] *Id.* at 18:10-12.

[21] *Id.* at 20:6-9.

[22] *Id.* at 21:6-10.

[23] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. Proc. 11(c)(1)(C) ("Plea Agreement"), ECF no. 19 in Criminal Case, filed June 29, 2015.

[24] Minute Entry for Proceedings Held Before Judge David Nuffer, ECF no. 18, filed June 29, 2015.

[25] Change of Plea and Sentencing Transcript at 4:12-15:7, 43:4-7, docket no. 5, filed Aug. 10, 2016.

[26] *Id.*

challenging his conviction and sentence.[27] Mr. Bacon stated that he had discussed these matters

with his counsel and understood.[28] And he moved forward with his guilty pleas.[29]

Pursuant to the Plea Agreement, Mr. Bacon pleaded guilty to two counts of Bank

Robbery and one count of Credit Union Robbery, all violations of 18 U.S.C. § 2113(a).[30] The

Plea Agreement contained the following representations from Mr. Bacon:

> No one has made threats, promises, or representation to me that have caused me
> to plead guilty, other than the provisions set forth in this agreement.[31]
>
> I have discussed this case and this plea with my lawyer as much as I wish, and I
> have no additional questions.[32]
>
> I am satisfied with my lawyer.[33]
>
> My decision to enter this plea was made after full and careful thought; with the
> advice of counsel; and with a full understanding of my rights, the facts and
> circumstances of the case and the consequences of the plea.[34]
>
> I have no mental reservations concerning the plea.[35]

The Plea Agreement also contained the following waiver of Mr. Bacon's collateral review rights:

> I also knowingly, voluntarily and expressly waive my right to challenge my
> sentence . . . in any collateral review motion, writ or other procedure, including
> but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of
> ineffective assistance of counsel.[36]

---

[27] *Id*. at 11:10-18, 14:4-17.

[28] *Id*. at 4:12-15:7.

[29] *Id*. at 18:4-19:14.

[30] *Id*.; Plea Agreement ¶¶ 1, 12.a.

[31] Plea Agreement at 6, ¶ 3.

[32] *Id*. at 6, ¶ 5.

[33] *Id*. at 6, ¶ 6.

[34] *Id*. at 7, ¶ 7.

[35] *Id*. at 7, ¶ 8.

[36] *Id*. ¶ 12.e.(2).

Based on his guilty pleas, and consistent with the parties' stipulated term of imprisonment,[37] Mr. Bacon was sentenced to a prison term of 80 months.[38] Mr. Bacon was also sentenced to a 60-month term of supervised release.[39]

Nearly one year later, on June 27, 2016, Mr. Bacon filed a § 2255 Motion arguing that his convictions and sentence should be set aside and vacated because of prosecutorial misconduct and ineffective assistance of defense counsel.[40] Mr. Bacon also argued that his 60-month term of supervised release must be corrected because it exceeds the maximum term allowed by statute.[41]

In responding to Mr. Bacon's § 2255 Motion, the government argued that § 2255 relief is precluded for prosecutorial misconduct and ineffective assistance of counsel because Mr. Bacon waived his collateral review rights in his Plea Agreement.[42] But the government conceded that Mr. Bacon is entitled to a correction of his term of supervised release.[43]

## DISCUSSION

For all motions brought under 28 U.S.C. § 2255, notice of the motion must be provided to the government and a hearing must be held, "[u]nless the motion and files and records of the case conclusively show that the [movant] is entitled to no relief . . . ."[44] And "[i]f it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the

---

[37] *Id*. ¶ 12.b.

[38] Change of Plea and Sentencing Transcript at 19:24-25, 36:13-22; Judgment in a Criminal Case at 2, ECF no. 24 in Criminal Case, filed July 2, 2015.

[39] Change of Plea and Sentencing Transcript at 36:13-22; Judgment in a Criminal Case at 3.

[40] § 2255 Motion at 4-5, 9-16.

[41] *Id*. at 6-7.

[42] Response at 5-13.

[43] *Id*. at 3-4.

[44] 28 U.S.C. § 2255(b).

moving party is not entitled to relief, the [examining] judge must dismiss the motion and direct the clerk to notify the moving party."[45]

## Mr. Bacon waived his right to seek collateral review
## on the ground of prosecutorial misconduct

Mr. Bacon argues that his convictions and sentence should be set aside and vacated because of prosecutorial misconduct.[46] Mr. Bacon's allegations of prosecutorial misconduct include:

- the government and its agents failed to preserve and produce potentially exculpatory and probative evidence that was seized at the time of Mr. Bacon's arrest;

- the prosecutor had a conflict of interest based on the filing of Mr. Bacon's Civil Rights Action, which named the prosecutor as a defendant;

- the government permitted Mr. Bacon to be sentenced to a term of supervised release that exceeded the maximum term allowed by statute;

- the government caused prejudicial and unnecessary delay in bringing Mr. Bacon before the court following his arrest; and

- the government failed to inform the grand jury that potentially exculpatory and probative evidence was not preserved.[47]

The government argues that Mr. Bacon is not entitled to relief because he waived his § 2255 rights in his Plea Agreement.[48]

"Given the importance of plea bargaining to the criminal justice system, [courts] generally enforce plea agreements and their concomitant waivers of [collateral review] rights."[49]

---

[45] Rules Governing Section 2255 Proceedings Rule 4(b).

[46] § 2255 Motion at 4-5.

[47] *Id*. at 4, 9-12; Addendum at 1-2, docket no. 7, filed Aug. 22, 2016.

[48] Response at 5-12.

[49] *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

In reviewing a § 2255 motion after a defendant has entered a plea agreement that contains a waiver of collateral review rights, a three-prong analysis is employed to determine:

> (1) whether the disputed [issue] falls within the scope of the waiver of [collateral review] rights; (2) whether the defendant knowingly and voluntarily waived his [collateral review] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . .[50]

Therefore, if the disputed issue falls within the scope of the defendant's waiver and the defendant knowingly and voluntarily entered the waiver, then the waiver is enforceable as to the disputed issue, unless the enforcement of the waiver would result in a miscarriage of justice.

**Mr. Bacon's allegations of prosecutorial misconduct fall within the scope of his collateral review waiver**

"In determining a waiver's scope, [courts] will strictly construe [collateral review] waivers and any ambiguities in these agreements will be read against the [g]overnment and in favor of a defendant's [collateral review] rights."[51]

Mr. Bacon's collateral review waiver is broad—applying to "any collateral review motion . . . except on the issue of ineffective assistance of counsel."[52] There is no question that Mr. Bacon's allegations of prosecutorial misconduct fall squarely within the scope of his waiver.

**Mr. Bacon knowingly and voluntarily waived his collateral review rights**

When determining whether a collateral review waiver is knowing and voluntary, courts "examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether "an adequate Federal Rule of Criminal Procedure 11 colloquy" is given.[53]

---

[50] *Hahn*, 359 F.3d at 1325.

[51] *Id*. (internal quotations and punctuation omitted).

[52] Plea Agreement ¶ 12.e.(2).

[53] *Hahn*, 359 F.3d at 1325.

In his Plea Agreement, Mr. Bacon expressly represented that he voluntarily entered the agreement after receiving satisfactory advice from counsel,[54] with a full understanding of his rights, the facts and circumstances of the case, and the consequences of his plea.[55] The Plea Agreement also states that Mr. Bacon knowingly, voluntarily, and expressly waived his collateral review rights.[56] Additionally, Mr. Bacon was given an adequate Rule 11 colloquy at his change of plea and sentencing hearing.[57] And he affirmatively stated that he understood his rights and the waivers and limitations set forth in his Plea Agreement, and that he voluntarily agreed to plead guilty.[58]

Based on this record, Mr. Bacon knowingly and voluntarily entered the Plea Agreement, and he knowingly and voluntarily waived his collateral review rights.

## Enforcing Mr. Bacon's collateral review waiver as to his allegations of prosecutorial misconduct will not result in a miscarriage of justice

A "miscarriage of justice" occurs only: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful."[59]

Mr. Bacon argues that the second, third, and fourth miscarriage of justice circumstances apply to invalidate his collateral review waiver.[60] His arguments are without merit.

---

[54] *Id*. at 6-7, ¶¶ 3, 5-6, 8.

[55] *Id*. at 7, ¶ 7.

[56] Plea Agreement ¶ 12.e.(2).

[57] Change of Plea and Sentencing Transcript at 4:12-15:7, 43:4-7.

[58] *Id*. at 4:12-15:7, 18:4-19:14.

[59] *Hahn*, 359 F.3d at 1327 (internal quotations omitted).

[60] Answer to Governments *[sic]* Response on Petitioners *[sic]* Motion to Vacate *[sic]* Daved 1/17/2017 ("Reply") at 7, docket no. 30, filed Feb. 22, 2017.

*Mr. Bacon's counsel was not ineffective in connection with the negotiation of Mr. Bacon's collateral review waiver*

Mr. Bacon's § 2255 Motion alleges ineffective assistance of counsel.[61] But his allegations are generalized—directed at his counsel allowing him to enter the Plea Agreement, rather than conducting an adequate investigation or preparing and raising defenses.[62] He alleges his counsel failed to seek dismissal of the Criminal Case based on the government's delay in bringing him before the court and its failure to preserve and produce evidence. And he alleges his counsel failed to object to the prosecutor's potential conflict of interest.[63] These allegations do not relate to the negotiation of Mr. Bacon's collateral review waiver, and they do not suggest that Mr. Bacon's counsel was ineffective in connection with the negotiation.

It was not until a Supplemental Reply on his § 2255 Motion that Mr. Bacon made any assertion regarding his counsel being ineffective in negotiating his collateral review waiver.[64] Mr. Bacon asserted that his counsel advised him that the collateral review waiver would not prevent him from later raising allegations of prosecutorial misconduct or due process violations.[65] This assertion is untimely and not credible.

Mr. Bacon sought, and was granted leave, "to supplemental his Reply to make the transcripts of the June 5, 2015 and April 20, 2016 hearings in his underlying [C]riminal [C]ase part of the record in this case."[66] He did not seek, and was not granted leave, to file a

---

[61] § 2255 Motion at 5, 13-16.

[62] *Id*.

[63] *Id*.

[64] Supplemental Reply at 6-7, docket no. 39, filed May 11, 2017.

[65] *Id*.

[66] Memorandum Decision and Order for Payment of Transcript Fees and Permitting Petitioner to Supplement His Reply at 3, docket no. 33, filed Mar. 9, 2017; *see also* Motion for Permission to Allow Supplemental Pleading, docket no. 31, filed Feb. 23, 2017.

supplemental brief containing previously unraised factual allegations and legal arguments regarding out-of-court discussions he had with counsel. The assertions and argument within Mr. Bacon's Supplemental Reply were not authorized and are untimely.

Additionally, Mr. Bacon's assertions regarding his counsel's advice and his belief that the collateral review waiver did not apply to his prosecutorial misconduct and due process allegations are contradicted by the record of his Criminal Case. At the June 5, 2015 status conference, Judge Warner had a lengthy discussion with Mr. Bacon and his counsel regarding Mr. Bacon's options to raise defenses and go to trial, or to enter a plea deal.[67] This discussion specifically addressed Mr. Bacon's allegations of prosecutorial misconduct and due process violations. Mr. Bacon affirmed that he understood.[68]

Then, at his change of plea and sentencing hearing, Mr. Bacon stated he "wanted to do a defense" but decided to plead guilty after being advised that it "wasn't a good idea."[69] He indicated that he had enough time to think about pleading guilty, and he was sure that it was what he wanted to do.[70] He affirmed that he was not promised anything, or threatened or pressured, to get him to enter a guilty plea.[71] He also stated he understood that by pleading guilty the government would not have to prove its case against him;[72] he would not have the opportunity to call defense witnesses or confront government witnesses;[73] and his right to appeal

---

[67] Status Conference Transcript at 4:23-10:2, 11:1-13:19, 15:3-18:12, 19:17-21:10.

[68] *Id*. at 12:5-11, 13:6-7.

[69] Change of Plea and Sentencing Transcript at 15:6-7.

[70] *Id*. at 7:8-10.

[71] *Id*. at 14:23-15:3.

[72] *Id*. at 8:11-14.

[73] *Id*. at 10:7-11:1.

and challenge his convictions and sentence would be substantially limited.[74] And he affirmed that he had read and understood the terms of his Plea Agreement, and that he did not have any further questions.[75]

In his Plea Agreement, Mr. Bacon represented he understood that he had the right to plead "not guilty" and have a trial on the charges against him, and that by pleading guilty, he would not have a trial of any kind.[76] He represented that he knowingly, voluntarily, and expressly waived his rights to appeal and file collateral review motions.[77] And he represented that he understood the only exceptions to these waivers are that he could:

- withdraw his guilty plea only if the Plea Agreement was not accepted, or if he was sentenced to a term of imprisonment other than 80 months;[78]

- appeal only if his sentence was greater than the sentence set forth in the Plea Agreement;[79] and

- file a collateral review motion only on the issue of ineffective assistance of counsel.[80]

Finally, Mr. Bacon represented that he had discussed the case and his plea with counsel as much as he wished; had a full understanding of his rights, the facts and circumstances of the case, and the consequences of his guilty plea; and that he did not have additional questions and did not wish to make changes to the Plea Agreement.[81]

---

[74] *Id*. at 11:10-14, 14:4-19.

[75] *Id*. at 5:2-14, 7:4-7, 8:8-10, 15:12-17.

[76] Plea Agreement ¶¶ 5-7.

[77] *Id*. ¶¶ 3, 8, 12.b.(2), 12.e.

[78] *Id*. ¶¶ 3, 12.b.(2).

[79] *Id*. ¶ 8, 12.e.(1).

[80] *Id*. ¶ 12.e.(2).

[81] *Id*. at 6-7, ¶¶ 5-9.

Based on this record, Mr. Bacon was adequately advised of, and knew and understood, the scope of his collateral review waiver. Mr. Bacon made a knowing and voluntary choice to enter the Plea Agreement and to waive his right to raise defenses in his Criminal Case and on appeal and collateral review. His late assertions regarding his counsel's advice and his misunderstanding of the collateral review waiver's scope are not credible. Mr. Bacon has simply come to regret his choice to forego raising defenses in his Criminal Case. But this regret does not equate to ineffective assistance of counsel in connection with the negotiation of his waiver of collateral review rights. Therefore, the second miscarriage of justice circumstance does not apply to invalidate Mr. Bacon's collateral review waiver.

*The term of Mr. Bacon's supervised release does not invalidate his collateral review waiver as to prosecutorial misconduct*

Mr. Bacon's alleges that the government permitted him to be sentenced to a term of supervised release that exceeded the maximum term allowed by statute.[82] However, a prosecutor is not the advocate of a criminal defendant, and is not obliged to raise arguments or objections on a defendant's behalf.[83] Therefore, Mr. Bacon's allegation cannot form a basis for invalidating his collateral review waiver as to prosecutorial misconduct.[84] The third miscarriage of justice circumstance does not apply to permit Mr. Bacon's challenge to his convictions and sentence on the ground of prosecutorial misconduct.

*Mr. Bacon's collateral review waiver is not otherwise unlawful*

To satisfy the fourth miscarriage of justice circumstance—where a collateral review waiver is otherwise unlawful—"the error must seriously affect the fairness, integrity or public

---

[82] § 2255 Motion at 10.

[83] *United States v. Lawlor*, 168 F.3d 633, 637 (2d Cir. 1999).

[84] As discussed below, however, Mr. Bacon is entitled to relief on his separate claim that the term of his supervised release exceeds the maximum term allowed by statute.

reputation of judicial proceedings . . . ."[85] Allegations of prosecutorial misconduct are serious, and they may affect the fairness, integrity, and public reputation of judicial proceedings. But the record of Mr. Bacon's Criminal Case plainly shows that his allegations of prosecutorial misconduct, even if true, do not render his collateral review waiver unlawful.

Mr. Bacon was well aware of the facts and legal issues relating to the government's release of his personal property and the prosecutor's potential conflict of interest prior to entering his Plea Agreement.[86] He had filed a Civil Rights Action asserting these matters prior to entering the Plea Agreement.[87] And a status conference was held in his Criminal Case specifically for the purpose of ascertaining whether Mr. Bacon intended to file a prosecutorial misconduct motion.[88] Having had the opportunity to discuss these matters with his counsel and Judge Warner, and with full knowledge and understanding of his rights and options, Mr. Bacon voluntarily chose to forego raising these issues in his Criminal Case when he made the decision to enter the Plea Agreement.

At his change of plea and sentencing hearing, Mr. Bacon was again informed of his rights and the consequences of pleading guilty, including his waiver of rights and limitations in challenging his convictions and sentence.[89] Mr. Bacon affirmatively represented that his decision to plead guilty was made after full and careful thought; with the advice of counsel; and with no

---

[85] *Hahn*, 359 F.3d at 1327 (internal quotations and punctuation omitted).

[86] Status Conference Transcript at 5:10-8:3, 11:20-13:7, 15:23-16:4, 17:19-24.

[87] *Bacon v. Mount et al.*, 2:15-cv-00163-RJS (D. Utah); *see also Bacon v. Hamilton et al.*, 2:15-cv-00179-DN-BCW (D. Utah).

[88] Status Conference Transcript at 3:10-22, 5:10-12.

[89] Change of Plea and Sentencing Transcript at 4:12-15:7, 43:4-7.

mental reservations and a full understanding of his rights, the facts and circumstances of the case, and the consequences of the plea.[90]

This is a case where Mr. Bacon had to make a hard decision. But he made that decision having full knowledge and understanding of the facts and legal issues, his rights and options, and the consequences of his decision. It is not a case where the fairness, integrity, and public reputation of judicial proceedings are seriously affected, or even in question. Mr. Bacon's collateral review waiver is not otherwise unlawful. And enforcing the waiver as to Mr. Bacon's allegations of prosecutorial misconduct will not result in a miscarriage of justice.

*Mr. Bacon is not entitled to relief under § 2255 for prosecutorial misconduct*

Mr. Bacon's allegations of prosecutorial misconduct fall within the scope of his collateral review waiver, which was knowingly and voluntarily made. And enforcing the waiver will not result in a miscarriage of justice. Therefore, the waiver is enforceable as to Mr. Bacon's allegations of prosecutorial misconduct.[91] Mr. Bacon is not entitled to relief under § 2255 for prosecutorial misconduct.

## Mr. Bacon is plainly not entitled to relief under § 2255 for ineffective assistance of counsel

Mr. Bacon argues that his convictions and sentence should be set aside and vacated because of ineffective assistance of counsel.[92] The government argues that Mr. Bacon waived his right to seek § 2255 relief for ineffective assistance of counsel, except for ineffective assistance relating to the validity of his plea.[93] However, this limitation is not present in Mr. Bacon's collateral review waiver. The plain language of the waiver reserves Mr. Bacon's ability to raise

---

[90] *Id*. at 4:12-15:7, 18:4-19:14; Plea Agreement at 7, ¶¶ 7-8.

[91] *Hahn*, 359 F.3d at 1325.

[92] § 2255 Motion at 5, 13-16.

[93] Response at 12-13.

collateral review challenges "on the issue of ineffective assistance of counsel" without limitation.[94] Therefore, Mr. Bacon's allegations of ineffective assistance of counsel do not fall within the scope of his waiver of collateral review rights.

Nevertheless, the fact Mr. Bacon did not waive collateral challenges of ineffective assistance of counsel does mean that he has established entitlement to relief under § 2255. To establish ineffective assistance of counsel, Mr. Bacon "must show *both* (1) that [his] counsel's performance was deficient *and* (2) that this deficiency prejudiced [his] defense."[95] The first prong is established "by showing that the attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases."[96] However, the review of the attorney's performance is highly deferential:

> [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.[97]

The second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."[98]

Mr. Bacon's allegations of ineffective assistance of counsel include:

- failure to object or seek dismissal following the government's release of potentially exculpatory and probative evidence;

- failure to seek dismissal for unconstitutional delay in bringing Mr. Bacon before the court;

---

[94] Plea Agreement ¶ 12.e.(2).

[95] *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (emphasis in original).

[96] *Id*.

[97] *Id*. (quoting *Strickland*, 466 U.S. at 689).

[98] *Id*. at 417-18.

- failure to take responsibility for the proper representation of Mr. Bacon by failing to investigate and prepare defenses; and

- failure to object to the prosecutor's conflict of interest.[99]

Mr. Bacon does not allege that his counsel gave him legally inaccurate advice or that counsel failed to advise him regarding these issues. Rather, he generally alleges that given the facts known by counsel at the time, his counsel's advice should have been to not enter a plea deal.[100]

The record of Mr. Bacon's Criminal Case plainly shows that Mr. Bacon's counsel was not constitutionally ineffective for these alleged failings. The government's release of Mr. Bacon's personal property, the prosecutor's potential conflict of interest, and whether Mr. Bacon would file pretrial motions were discussed at length during the June 5, 2015 status conference in his Criminal Case. Mr. Bacon's counsel stated that he had advised Mr. Bacon regarding these issues on many occasions.[101] He also stated that these issues were not being raised in the Criminal Case, at that time, as a strategic choice because the parties were in plea negotiations:

> [O]ur criminal case is kind of in its early stages. I have been working the case for quite a long time, but really it's been with an eye towards settling the matter. So obviously we have some interest in not filing anything that would allege prosecutorial misconduct if we can hope to settle the matter favorably to Mr. Bacon. With that said, I don't know after that has run its course, if it does, and Mr. Bacon doesn't settle his case, there may be pretrial motions. I can't really tell the Court right now.[102]

> I don't want to speak to anything in the future if plea negotiations were to break down. Again, I'm not saying it would, if they did break down.[103]

---

[99] § 2255 Motion at 5, 13-16. Mr. Bacon also alleges that his counsel was ineffective for failing to object to Mr. Bacon's 60-month term of supervised release. It is unnecessary to address this allegation because, as discussed below, Mr. Bacon is entitled to relief on his separate claim that the term of his supervised release exceeds the maximum term allowed by statute.

[100] *Id*.

[101] Status Conference Transcript at 5:20-24, 12:1-2.

[102] *Id*. at 6:20-7:4.

[103] *Id*. at 16:1-4.

These negotiations were part of larger negotiations involving felony charges against Mr. Bacon in state court:

> He's been held in state court for several felonies, that he pled guilty to a couple. That guilty plea was conditioned on him taking a plea here, and then that fell apart the last time we were in court. He was just writted over on May 13th of 2015.[104]

Counsel's decision to pursue plea negotiations before raising defenses through pretrial motions was strategic and falls within the wide range of reasonable professional assistance. Moreover, at the status conference, Judge Warner directly addressed Mr. Bacon regarding the issues he now complains of to ensure that he was aware of and understood his counsel's strategy, and his options moving forward.[105]

When the time came to make a decision, Mr. Bacon's counsel advised him to take the offered plea deal, and with full knowledge and understanding of the facts and legal issues, and his rights and options, Mr. Bacon voluntarily chose to enter the Plea Agreement.[106] Mr. Bacon's choice to enter the Plea Agreement, alleviated the need for his counsel to raise objections regarding the prosecution or seek dismissal of the Criminal Case. Mr. Bacon's choice also alleviated the need for his counsel to conduct further investigation in preparation of defenses for trial. Mr. Bacon's regret over entering the Plea Agreement, and his desire to now change his mind and pursue the defenses he may have had, does not render his counsel's assistance constitutionally ineffective.

Finally, Mr. Bacon alleges that his counsel was ineffective for acting against his wishes in permitting a sealed plea supplement to be entered on the court's docket.[107] At his change of

---

[104] *Id*. at 16:13-16.

[105] *Id*. at 12:3-13:19, 15:3-17, 17:19-18:12, 20:6-21:10.

[106] Change of Plea and Sentencing Transcript at 4:12-15:7, 18:4-19:14; Plea Agreement at 7, ¶¶ 7-8.

[107] § 2255 Motion at 5.

plea and sentencing hearing, Mr. Bacon's counsel stated that Mr. Bacon would not sign the plea supplement and that he did not want the document filed under seal.[108] Mr. Bacon's counsel requested that the Plea Agreement be filed without the plea supplement.[109] This request was denied because it is the District of Utah's policy to file a sealed plea supplement regardless of the defendant's signature on the document.[110]

Based on this record, Mr. Bacon's counsel was not ineffective for allowing the plea supplement to be filed under seal. And regardless, this issue has no bearing on Bacon's convictions or sentence, and caused no prejudice to his defense.

Therefore, because Mr. Bacon has failed to establish that his counsel's performance was constitutionally deficient, or that his defense suffered prejudice as a result of any deficiency, Mr. Bacon is plainly not entitled to § 2255 relief for ineffective assistance of counsel.

### Mr. Bacon is entitled to a correction of his term of supervised release

A defendant's sentence that exceeds the statutory maximum constitutes a miscarriage of justice, which entitles the defendant to relief on collateral review under § 2255 regardless of a collateral review waiver.[111] Mr. Bacon argues that his 60-month term of supervised release exceeds the maximum term allowed by statute.[112] The government agrees.[113]

Mr. Bacon pleaded guilty to two counts of Bank Robbery and one count of Credit Union Robbery, all violations of 18 U.S.C. § 2113(a).[114] These offenses are Class C felonies that are

---

[108] Change of Plea and Sentencing Transcript at 15:20-16:2.

[109] *Id*. at 16:2-3.

[110] *Id*. at 16:4-17:3.

[111] *United States v. Frazier-LeFear*, 665 Fed. App'x 727, 729 (10th Cir. 2016) (citing *Cockerham*, 237 F.3d at 1183; *Hahn*, 359 F.3d at 1327).

[112] § 2255 Motion at 6-7.

[113] Response at 3-4.

[114] Change of Plea and Sentencing Transcript at 18:4-19:14; Plea Agreement ¶¶ 1, 12.a.

subject to a supervised release term of not more than 36 months.[115] This 36-month maximum term is identified in Mr. Bacon's Plea Agreement.[116]

Tenth Circuit precedent holds that "[w]here a federal statute mandates that separate terms of supervised release run consecutively . . . a trial court properly may stack consecutive terms of supervised release for multiple convictions."[117] "However, where there is no such independent statutory mandate . . . 18 U.S.C. § 3624(e) governs the relationship of multiple terms of supervised release[.]"[118] And "[t]he supervised release provision of § 3624[(e)] unambiguously states that terms of supervised release on multiple convictions are to run concurrently."[119]

The Bank Robbery and Credit Union Robbery statute does not expressly mandate that separate terms of supervised release run consecutively.[120] Consequently, the terms of supervised release for Mr. Bacon's convictions should have run concurrently, with a maximum possible term of 36 months. Mr. Bacon's 60-month term of supervised release exceeds this maximum term. Therefore, Mr. Bacon is entitled to a correction of his term of supervised release.

## ORDER

IT IS HEREBY ORDERED that:

1)        Mr. Bacon's § 2255 Motion[121] is DENIED and DISMISSED with prejudice as to his claims of prosecutorial misconduct and ineffective assistance of counsel.

---

[115] 18 U.S.C. §§ 2113(a), 3559(a)(3), 3583(b)(2).

[116] Plea Agreement ¶ 2.

[117] *United States v. Bailey*, 76 F.3d 320, 323 (10th Cir. 1996) (citing *United States v. Maxwell*, 966 F.2d 545 (10th Cir. 1992)).

[118] *Id.*

[119] *Id.* at 324 (internal quotations and punctuation omitted).

[120] *See* 18 U.S.C. § 2113(a).

[121] Docket no. 1, filed June 27, 2016.

2)      Mr. Bacon's § 2255 Motion[122] is GRANTED as to his claim that the term of his supervised release exceeds the maximum term allowed by statute. Mr. Bacon shall be resentenced in his Criminal Case to correct the term of his supervised release.

3)      Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, an evidentiary hearing is not required.

4)      Mr. Bacon's Request for Evidentiary Hearing and Appointment of Counsel,[123] Motion for Appointment of Pro Bono Counsel,[124] and Request for Judicial Notice of Government Position and Agreement on Evidence Given Away[125] are MOOT.

5)      Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Mr. Bacon is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Signed June 5, 2018.

BY THE COURT

District Judge David Nuffer

---

[122] *Id.*

[123] Docket no. 40, filed July 28, 2017.

[124] Docket no. 47, filed Oct. 13, 2017.

[125] Docket no. 49, filed Mar. 12, 2018.